■ CENTRAL TRUST CO. OF ROCHESTER et al., as Cotrustees, Respondents, v EASTMAN DEVELOPMENT CORP., Appellant.—Order unanimously affirmed, with costs. Memorandum: Pursuant to the exercise of a valid stock subscription option in February, 1962 decedent received a 25% interest in defendant corporation. Although decedent never tendered payment for the stock and defendant did not issue such stock, decedent's interest in the corporation was acknowledged by defendant and his name was carried on the company records. Following decedent's death in 1966 the annual financial reports of the company up through and including 1972 were sent to plaintiffs as decedent's successors in interest. After plaintiffs commenced this action seeking a judgment declaring them to be entitled to a 25% interest in defendant corporation by virtue of the exercise of the subscription option and directing that upon tender of payment defendant issue stock to plaintiffs, defendant unsuccessfully moved for summary judgment alleging that plaintiffs' cause of action was barred by the Statute of Limitations. Since plaintiffs did not contest that this contract action is governed by the six-year Statute of Limitations under CPLR 213 (subd 2), the sole issue on this appeal relates to the date upon which this cause of action accrued. We find no merit in defendant's contention that its breach or nonperformance of the option contract occurred as of the date of the exercise of that option in February, 1962. Since by its very terms the contract provided no time limit within which performance had to be completed, defendant could not be put in default until decedent or plaintiffs had either tendered payment for the stock or demanded its issuance *(Equitable Leasing v Maguire,* 36 AD2d 1019; *Beechwood Gun Club v City of Beacon,* 153 Misc 358, affd 242 App Div

761; 10 NY Jur, Contracts, §§ 291, 292). Inasmuch as the record clearly establishes that no such tender or demand was made until June 18, 1974 defendant's default could not have occurred until that date. Regardless, however, of the exact date of the breach, CPLR 206 (subd [a]) provides that "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete." Although it may be argued that plaintiffs' right to demand defendant's performance occurred as early as February, 1962, this analysis fails to take into consideration defendant's continued recognition of plaintiffs' interest in the corporation. The fact that decedent's name was carried on the corporate records and that the purchase price of his stock subscription was carried on the corporate balance sheets as an account receivable, together with the fact that defendant sent copies of its annual financial statements to plaintiffs, clearly indicates that plaintiffs' right to participate in the corporation was never in question until 1974. In view of these at least implicit assurances defendant is estopped from asserting now that plaintiffs' right to that interest was barred as of 1968 (see *Holden v Efficient Craftsman Corp.,* 234 NY 437). (Appeal from order of Monroe Supreme Court,—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.