■ In the Matter of the Estate of MARY F. McMANUS, Deceased. ELIZABETH A. SMITH, as Administratrix of the Estate of MARY F. McMANUS, Deceased, Appellant; JOSEPH M. McMANUS, SR., Respondent. — In a proceeding to, *inter alia,* compel the respondent Joseph M. McManus, Sr., to either (1) purchase the stock of two closely held corporations held by the petitioner as administratrix of the estate of a deceased shareholder, or in the alternative, (2) sell to it a portion of the stock in the two corporations that he has purchased from the estate of a second deceased shareholder so as to equalize their holdings, petitioner appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated May 28, 1980, which denied the petition. Order affirmed, without costs or disbursements. Paragraph "SEVENTH" of the amendments to the shareholders' agreements, which amendments were executed on April 18, 1963, provided: "It is further agreed that upon the sale of stock to the surviving or remaining stockholders whenever such sale shall take place, *then the minority stockholders, as of the date of this Agreement,* shall have the right to purchase the necessary share or shares of stock to equalize all holdings." (Emphasis added.) Under the plain language of this paragraph, only the shareholders who were "minority stockholders" at the time the documents were executed were given the right to purchase the necessary share or shares to equalize all holdings. At that time, the three stockholders of the two

corporations were Leo F. McManus, respondent Joseph M. McManus, Sr., and petitioner's decedent, Mary F. McManus. If the signatories to these agreements had intended that this right to equalize holdings would pass to the estate of a deceased stockholder, then they would not have limited the operation of this paragraph by including the language limiting the right to equalize to minority stockholders as of the date of the agreements. Lazer, J. P., Margett, O'Connor and Thompson, JJ., concur.