■ MARTIN ENTERPRISES, INC., Respondent, v RANY JANOVER et al., Appellants. (Matter No. 1.) In the Matter of BETHENY JANOVER, Appellant, v MARTIN ENTERPRISES, INC., Respondent. (Matter No. 2.)

The petition seeking dissolution of the respondent corporation pursuant to Business Corporation Law § 1104-a was properly dismissed on the ground of lack of standing. Prior to commencement of the dissolution proceeding, the petitioner Betheny Janover was divested of her interest in the corporation under an option agreement for repurchase of stock entered into between the founder of the closely held corporation and his three children, including Betheny. Since the petitioner was not a shareholder entitled to vote, she was without standing to bring a proceeding to dissolve the corporation *(see,* Business Corporation Law § 1104-a [a]).

We reject the petitioner's contention that the exercise of the option by the executrix of the founder's estate was ineffective since the option was personal to him. An option may survive the death of the person who originally held the option and devolve upon the estate, unless the terms of the option confine performance to the person who originally held it *(see generally, De Kovessey v Coronet Props. Co.,* 69 NY2d 448, 457, *rearg denied sub nom. Amsterdam Manhattan Assocs. v Estate of Leichtman,* 70 NY2d 694; Restatement [Second] of Contracts § 23, comment a; § 37). The instant option agreement conferred upon the offeree-founder a power of acceptance which continued until the offer was either accepted or terminated under the terms of the agreement *(see,* 1 Williston, Contracts § 50, at 163 [3d ed]). Paragraph 5 of the agreement, which provides that the "benefits" of the option inure to the executor, heirs, and assigns of the parties, entitled the founder's wife, as executrix of his estate, to exercise the right of repurchase *(cf., Matter of McManus,* 83 AD2d 556).

The further argument made by the petitioner, that the estate waived its right to exercise the option by failing to tender payment within the prescribed time period is unavailing. An option is validly exercised and becomes an enforceable contract by the offeree's acceptance according to the terms of the option agreement within the time specified *(see,* 1 Williston, Contracts § 61B, at 200; § 61D, at 205 [3d ed]; Calamari and Perillo, Contracts § 2-27, at 91 [2d ed]). The option agreement in question provided that it could be exercised by a letter mailed to the offeror indicating the intent to exercise the option. It is undisputed that the executrix timely notified the petitioner by letter of the estate's intent to exercise the option. The fact that tender of payment did not occur until after expiration of the option is irrelevant since the instant agreement provided no time limit within which performance was to be concluded by tender of payment *(see, Central Trust Co. v Eastman Dev. Corp.,* 54 AD2d 609; *cf., Novik v Bartell Broadcasters,* 39 AD2d 885).

With respect to the action on the indemnity agreement, the appellants failed to raise an issue of fact or defense so as to preclude summary judgment thereon *(see,* CPLR 3212 [b]). In an attempt to establish a defense to enforcement of the contract, the appellants alleged that the indemnitee agreed both orally and in writing to forebear from enforcing the indemnification agreement against them. Although the appellant Betheny Janover claims to have signed such a writing, our search of the record reveals that the appellants did not

aver that the indemnitee, who denies the existence of a forbearance agreement, signed it. Accordingly, there is no purpose in affording the appellants an opportunity to conduct discovery on the issue of the existence of the writing since the writing, if existent, would be unenforceable under the Statute of Frauds absent the signature of the party sought to be charged *(see,* General Obligations Law § 5-701 [a] [1]; *Health Delivery Sys. v Scheinman,* 42 AD2d 566).

We have examined the appellants' remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.