■ In the Matter of the Dissolution of TDA Industries, Inc., Respondent. Gerald Gelles et al., Appellants. [659 NYS2d 12] —Order, Supreme Court, New York County (Walter Schackman, J.), entered February 27, 1996, which denied petitioner's application for dissolution of the subject corporation and dismissed the petition, unanimously affirmed, without costs.

The motion court correctly held that the shares in the hands of the trustees of the Pemberton pension and profit sharing plan may not be used to satisfy the 20% standing requirement of Business Corporation Law § 1104-a, the plan having been amended prior to commencement of this proceeding to eliminate the "pass through" voting rights of the equitable owners of its shares. We do not consider it a relevant circumstance that elimination of the pass through may have been motivated by a desire on the part of the majority shareholders to deprive petitioner of the ownership interest needed to maintain a dis-

solution proceeding, provided they otherwise had the right to so amend the plan, which they did (*cf., Matter of Hesek v 245 S. Main St.*, 170 AD2d 956; *Martin Enters. v Janover*, 140 AD2d 587). We note our agreement with the motion court's holding that petitioner Darst's shares qualify to be counted toward the 20%. Concur—Murphy, P. J., Wallach, Rubin, Tom and Andrias, JJ.