■ LAWRENCE E. DAVIS, on Behalf of Himself and All Other Shareholders Similarly Situated and as Shareholder and in the Right of JOSEPH DAVIS, INC., Appellant, v JEFFREY J. DAVIS et al., Respondents. (Appeal No. 1.) [697 NYS2d 888] —Order unanimously affirmed with costs. Memorandum: This is the consolidation of an action and two proceedings brought by Lawrence E. Davis (Lawrence), purportedly as a shareholder of Joseph Davis, Inc. (Davis, Inc.). In the action (appeal No. 1), Lawrence sued on behalf of himself and all other shareholders and in the right of the corporation, naming the corporation and its officers and directors, and alleging defendants' waste, mismanagement and theft in the operation of the corporation. In one of the proceedings (appeal No. 2), Lawrence sued for dissolution of Davis, Inc. pursuant to Business Corporation Law § 1104-a, alleging waste, mismanagement, looting and oppression on the part of respondents, officers and directors of Davis, Inc. In the other proceeding (appeal No. 3), Lawrence sought to compel production of the books and records of Davis, Inc. pursuant to the Business Corporation Law and CPLR article 78. Lawrence appeals from two separate orders and one judgment (denominated order) of Supreme Court, dismissing the action and proceedings, all based on the court's determination that Lawrence as a matter of law is no longer a shareholder in Davis, Inc. In particular, the court concluded that Lawrence's shares in Davis, Inc. had been extinguished by Davis, Inc.'s foreclosure upon the shares pursuant to a Guarantee/Pledge Agreement entered into between Lawrence and Davis, Inc., in partial satisfaction of Lawrence's acknowledged debt to Davis, Inc. The court based that determination in part on a prior decision of this Court in a related matter, *Norstar Bank v Davis* (238 AD2d 892). There, we held that the Guarantee/Pledge Agreement purportedly executed by Lawrence on October 20, 1989 (and a nearly identical agreement executed by Lawrence's brother, Jeffrey J. Davis) gave Davis, Inc. priority in certain assets of Lawrence and Jeffrey over the claims of Norstar Bank, a creditor of Lawrence and Jeffrey pursuant to an October 1990 judgment.

On appeal, Lawrence contends, *inter alia*, that there are triable issues of fact concerning the validity and timing of the Guarantee/Pledge Agreement, and that the court should consider parol evidence tending to establish that the document was not made until January 1991, was fraudulently backdated, and was a sham intended to deceive creditors of Lawrence and Jeffrey, including Norstar Bank, but was never intended to be effective as between Lawrence and Davis, Inc.

The standing of Lawrence to maintain the suits depends on

his being a shareholder of Davis, Inc. (*see*, Business Corporation Law § 624 [d]; §§ 626, 1104-a; *Independent Investor Protective League v Time, Inc.*, 50 NY2d 259, 263, *rearg denied* 50 NY2d 1059; *Tenney v Rosenthal*, 6 NY2d 204, 211; *Shea v Hambros PLC*, 244 AD2d 39, 52-53; *Matter of Koch v Specto Optical*, 184 AD2d 701, 704; *Hesek v 245 S. Main St.*, 170 AD2d 956, 957; *Martin Enters. v Janover*, 140 AD2d 587; *Lewis v Jones*, 107 AD2d 931, 932). We conclude that the attack by Lawrence on the validity of the Guarantee/Pledge Agreement, and consequently his claim that he remains a shareholder in Davis, Inc., is barred by the parol evidence rule. Pursuant to the parol evidence rule, where the parties have reduced their agreement to an unambiguous integrated writing, a party generally may not present evidence of prior or contemporaneous negotiations or agreements between the parties to contradict, vary, modify, add to or subtract from the terms of the writing (*see, Marine Midland Bank-Southern v Thurlow*, 53 NY2d 381, 387; *see also, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *see generally*, Prince, Richardson on Evidence § 11-101, at 741 [Farrell 11th ed]). Various exceptions to that rule encompass the situation in which the validity of the instrument is attacked on the ground that the writing, although purporting to be a contract, is in fact no contract at all (*see, Thomas v Scutt*, 127 NY 133, 137; *W. L. Christopher, Inc. v Seamen's Bank for Sav.*, 144 AD2d 809, 810-811). In the circumstances presented here, however, public policy necessitates an exception to the exception to the parol evidence rule, precluding Lawrence from presenting extrinsic evidence to show that the agreement was a "sham" never intended to operate at all; in these circumstances, the written contract must be enforced according to its terms (*see, Bersani v General Acc. Fire & Life Assur. Corp.*, 36 NY2d 457, 461; *Greenleaf v Lachman*, 216 AD2d 65, 66, *lv denied* 88 NY2d 802; *Cooper v Cooper & Clement*, 198 AD2d 812, 813; *see generally, Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau*, 593 F Supp 239, 243-244, *revd on other grounds* 766 F2d 709, 712, citing *Mount Vernon Trust Co. v Bergoff*, 272 NY 192, 196).

Lawrence admits his complicity in a scheme to defeat the legitimate claims of Norstar and other creditors by assigning personal assets, including Lawrence's shares in Davis, Inc., to the corporation to secure an antecedent debt. Lawrence admits fraudulently backdating that document in order to give the corporation priority in those assets over Norstar and other creditors. Lawrence essentially admits also deceiving this Court into granting Davis, Inc. a priority in his personal assets on the basis of the backdated Guarantee/Pledge Agreement.

Under the circumstances, we refuse to allow Lawrence to invoke the equity powers of the court to set aside the Guarantee/Pledge Agreement (*see, Coty v Steigerwald,* 262 AD2d 946). Lawrence is estopped from denying that he pledged his stock as security for his debts to the corporation and, more particularly, is estopped from alleging that he remains a shareholder of the corporation. Lawrence thus lacks standing to maintain the action and proceedings.

In view of our determination that Lawrence may not assert his status as shareholder of Davis, Inc., we need not consider Lawrence's contention that the foreclosure of the corporation's security interest in the shares violated UCC article 9. Nor need we consider Lawrence's contention that the corporation's resort to the collateral was barred by the expiration of the Statute of Limitations on the underlying claim. We leave for appropriate application by the parties in the *Norstar* case the issue whether our prior order in that case should be vacated on the ground of newly discovered evidence, fraud or misrepresentation (*see,* CPLR 5015 [a] [2], [3]). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Dismiss Pleading.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.