■ CRAIG SMALLEY et al., Plaintiffs, v NEW YORK STATE POWER AUTHORITY et al., Defendants. ROBERT S. BENNETT, Nonparty Appellant; PHILIP S. GELLMAN, Nonparty Respondent. [700 NYS2d 908] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of attorney Philip S. Gellman precluding attorney Robert S. Bennett from receiving any portion of the legal fee obtained in the settlement of the underlying personal injury action. Gellman contends that he and Bennett verbally agreed to a division of labor not reflected in their July 21, 1997 written employment agreement and that Bennett would have no share in counsel fees from a settlement or judgment against any defendant except the "Honda defendants". Contrary to Gellman's contention, however, the July 21, 1997 employment agreement is "a clear, complete document" that "should * * * be enforced according to its terms" (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). Given that the parties' agreement is "an unambiguous integrated writing" (*Davis v Davis* [appeal No. 1], 266 AD2d 867, 868), "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri, supra,* at 162). Thus, we modify the order by denying Gellman's motion. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—

Counsel Fees.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.