■ HONZAWA HOLDING COMPANY et al., Appellants, v HIRO ENTERPRISE USA, INC., et al., Respondents. [737 NYS2d 847] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about January 14, 2000, which, inter alia, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

The causes of action pursuant to Business Corporation Law §§ 1104 and 1104-a were properly dismissed on the basis of plaintiffs' admissions that neither is a shareholder of record of any of the subject corporations (*see, Davis v Davis,* 266 AD2d 867, 868). Plaintiffs' purported shareholder derivative action was properly dismissed, even to the extent that plaintiffs are permitted to plead a so-called double derivative action (*see, Pessin v Chris-Craft Indus.*, 181 AD2d 66, 72-73), since plaintiffs do not satisfy the contemporaneous ownership rule (Business Corporation Law § 626 [b]), which is to be strictly enforced (*see, Pessin, supra* at 70). The alleged lifetime employment contract is unenforceable (*see, Lowinger v Lowinger*, 287 AD2d 39, 45).

We have considered plaintiffs' remaining contentions and find that they have not set forth any other cognizable cause of action. Concur—Williams, J.P., Mazzarelli, Ellerin, Lerner and Rubin, JJ.