■ PETER COSTALAS, Appellant, v VIVIA AMALFITANO et al., Respondents. [760 NYS2d 422] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 9, 2002, which denied plaintiff's motion to vacate a judgment entered upon his failure to appear in court on the return day of defendants' motion to dismiss the action, unanimously reversed, on the law, without costs, the motion granted, the first, second, third, fourth and sixth causes of action of the complaint reinstated, and plaintiff's cross motion for summary judgment denied.

In this action, plaintiff Peter Costalas claims that his niece Vivia Amalfitano and her husband Gerard Amalfitano defrauded his brothers, John and James Costalas, who were his partners in a business enterprise, into conveying partnership real estate for minimal consideration. The partnership had been formed on December 16, 1980, when the three brothers formed "27 Whitehall Street Group," which subsequently acquired the property at 27 Whitehall Street in Manhattan. On September 28, 2000, 27 Whitehall Street Group conveyed title to the property to a company known as MSA Twins Ltd., which was owned by defendant Vivia Amalfitano. Although according to plaintiff, the property was worth more than $4 million at the time, the stated contract price of the property was $2,150,000, and the contract only provided for a down payment of $1,000 instead of the customary 10%; furthermore, plaintiff asserts, no funds other than the $1,000 down payment have been paid for the purchase even though title to the property has been transferred. Finally, plaintiff states that MSA Twins Ltd. had no assets until it obtained title to the property at 27 Whitehall Street.

In their pre-answer motion to dismiss for lack of standing, supported by documentary evidence, defendants submitted in support an affidavit by plaintiff's brothers, John and James Costalas, in which they stated that in 1993, seven years prior to the real estate transaction at issue, plaintiff had already transferred his interest in the partnership to his brother John; in support of this assertion defendants also submitted a written assignment agreement, executed by plaintiff in August of 1993, in which plaintiff transferred all of his rights in the partnership to his brother John.

In opposition, plaintiff asserted that the assignment agreement never had any validity, that it was not intended to divest his ownership interest in the partnership, and that defendants were aware of this. He explained that the attorney who represented the partnership wanted such a paper in his file as it might "someday in the future be of value against creditors." Plaintiff also pointed out that the partnership's federal partnership tax returns for the years 1994, 1995, 1996 and 1997 identified him as a partner.

Defendants' dismissal motion was granted on default, with the explanation that plaintiff had failed to appear after being warned by way of a telephone call that the court would grant the motion on default if he did not appear.

Plaintiff's subsequent motion to vacate the default dismissal should have been granted. Counsel's explanation for his failure to appear on the dismissal motion demonstrated a reasonable excuse, and, with the exception of his fifth cause of action, plaintiff's submissions sufficed to make the requisite prima facie showing of merit (*see Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691 [1983]).

Further, the motion court erred in holding as a matter of law that plaintiff must be estopped from claiming that the assignment agreement was never intended as a valid agreement. Serious open questions remain as to the real need for and purpose of the purported assignment, and for whose benefit it was intended. Before the court can properly conclude that plaintiff executed a sham agreement in order to defraud creditors, and therefore will be estopped from relying upon the exception to the parol evidence rule for documents which were never intended to be contracts (*see Davis v Davis*, 266 AD2d 867 [1999]), there should be an evidentiary exploration of the circumstances surrounding the purported assignment. Plaintiff's mere assertion that his signature "was obtained by an elderly attorney who represented all three brothers and who felt that if he had such a paper in his file it might someday in the future be of value against creditors" is insufficient to establish a need for an estoppel as a matter of law.

Similarly, the issue of whether plaintiff has standing to maintain this action on his own behalf must await a fact-finding as to his actual status vis-à-vis the partnership, and the particular circumstances of the transfer.

However, plaintiff's claim against defendant Gerard Amalfitano as an attorney, under Judiciary Law § 487 (1), must fail. Judiciary Law § 487 (1) states that an attorney who is guilty of any deceit or collusion, or consents to any deceit or

collusion, with intent to deceive the court or any party, is guilty of a misdemeanor and forfeits to the party injured treble damages to be recovered in a civil action. However, the alleged deceit forming the basis of such a cause of action, if it is not directed at a court, must occur during the course of a "pending judicial proceeding" (*see Hansen v Caffry*, 280 AD2d 704, 705 [2001], *lv denied* 97 NY2d 603 [2001]). Since defendant attorney's alleged misconduct was related to the creation of the corporation and the execution of the transfer documents, this section is inapplicable here.

Plaintiff's cross motion for summary judgment was premature prior to joinder of issue (*see* CPLR 3212; *Kantor v Bernstein*, 225 AD2d 500, 502 [1996]).

We have considered and rejected the parties' remaining contentions for affirmative relief. Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.