■ In the Matter of MITSUHIRO HONZAWA, Appellant, v HIRO ENTERPRISES USA, INC., et al., Respondents. [800 NYS2d 707]—

Order and judgment (one paper), Supreme Court, New York County (Paula J. Omansky, J.), entered May 13, 2004, which, in a proceeding pursuant to Business Corporation Law §§ 1104 and 1104-a to dissolve respondent corporations, granted respondents' motion pursuant to CPLR 3211 to dismiss the petition, and dismissed the petition, unanimously affirmed, with costs.

Petitioner, whose prior dissolution proceeding was dismissed on the basis of his admission that he was not a shareholder of record of any of the subject corporations (*Honzawa Holding Co. v Hiro Enter. USA,* 291 AD2d 318 [2002]), now claims entitlement to such relief as a shareholder of the subject corporations' Japanese parent companies.

The motion court correctly found that during years of complex litigation in Japan, the litigants had ample notice and opportunity to be heard. Petitioner's ownership claims were, following these years of litigation, clearly rejected by the Japanese Supreme Court.

Petitioner's claim in this litigation is precluded by the doctrine of comity because a Japanese court of last resort ruled that petitioner is not such a shareholder (*see Matter of Gotlib v Ratsutsky,* 83 NY2d 696, 699-700 [1994]; *Greschler v Greschler,* 51 NY2d 368, 376 [1980]). We reject petitioner's argument that

respondents' principals should be estopped from denying his shareholder status in the parent companies because of contrary representations they made in federal and state tax returns. Assuming the Japanese court was not advised of the tax returns, petitioner fails to allege, much less demonstrate, any extrinsic fraud that prevented him from doing so. The same is true of the forgeries and other alleged intrinsic frauds that petitioner claims misled the Japanese court (*see Altman v Altman*, 150 AD2d 304, 306-307 [1989], *lv denied* 74 NY2d 612 [1989]). We have considered and rejected petitioner's other arguments for not extending comity to the Japanese judgment. Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.