Matneja v Zito (2018 NY Slip Op 05298)





Matneja v Zito


2018 NY Slip Op 05298


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-09544
 (Index No. 11580/14)

[*1]Deepak Matneja, appellant, 
v
Rosa Zito, etc., et al., defendants, Horing Welikson & Rosen, P.C., respondent.


William D. Friedman, Hempstead, NY, for appellant.
Horing, Welikson & Rosen, P.C., Williston Park, NY (Niles C. Welikson of counsel), respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered August 6, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant Horing Welikson & Rosen, P.C., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff, a former tenant of a rent-stabilized building owned by the defendant Rosa Zito and her now deceased husband, Mario Zito, obtained an order from the Division of Housing and Community Renewal (hereinafter DHCR) for rent overpayments. While the plaintiff had named Mario Zito as the owner of the building in the rent overcharge complaint, the DHCR identified the owner during the proceeding, and in the final order, as the defendant JPR Zito, based on an inaccurate annual registration summary for the building from 2008. The defendant Horing Welikson & Rosen, P.C. (hereinafter HWR), who represented Rosa (Mario had since died) and JPR Zito throughout the proceeding, never advised the DHCR of the error. The plaintiff, who was not represented by counsel at the DHCR proceeding, did not discover the error until he attempted to enforce the order. He claims that JPR Zito does not exist and, consequently, he cannot collect any of the money awarded to him. In 2010, the plaintiff requested that the DHCR amend its order so as [*2]to reflect that the building was owned by Rosa, but the agency refused because, in 2008, the building was registered as owned by JPR Zito.
The plaintiff commenced this action against Rosa, JPR Zito, and HWR, seeking a judgment that would allow him to enforce the DHCR order against Rosa. As is relevant to this appeal, the plaintiff alleged that HWR violated Judiciary Law § 487 by failing to disclose that Rosa owned the building and allowing the DHCR to issue an unenforceable order against a nonexistent entity. HWR moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and in the order appealed from, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of HWR's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87). Judiciary Law § 487 provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a misdemeanor, and "forfeits to the party injured treble damages, to be recovered in a civil action." Here, under the particular circumstances of this case, and even accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference, we agree with the Supreme Court's determination to grant that branch of HWR's motion, made pursuant to CPLR 3211(a)(7), to dismiss the complaint insofar as asserted against it (see Doscher v Mannatt, Phelps & Phillips, LLP, 148 AD3d 523, 524; Costalas v Amalfitano, 305 AD2d 202, 203-204; Hansen v Caffry, 280 AD2d 704, 705).
In light of this determination, the plaintiff's remaining contentions need not be reached.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court