■ LORENTZ W. HANSEN et al., Appellants, v JOHN W. CAFFRY, Respondent. [720 NYS2d 258] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 22, 1999 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

The Washington County Treasurer gave plaintiffs notice of its intention to foreclose on a $38,000 tax lien against plaintiffs' 24-acre parcel of real property on Lands End Road in the Town of Dresden, Washington County, if the delinquent taxes were not paid by July 25, 1996. Plaintiffs decided to sell two separate 8.5-acre lots from their property in order to raise the funds necessary to pay the taxes. To that end and with the assistance of their own attorney, plaintiffs entered into a purchase agreement with Rosemarie Victor and Herbert Reilly (hereinafter collectively referred to as the purchasers), both of whom were represented by defendant. The contract of sale provided that plaintiffs would convey to each purchaser a lot containing 250 feet of frontage along Lands End Road, but "[i]f parcels 1 and 2, by survey or mapping, do not equal 8.5 acres, additional land shall be included to reach the necessary 8.5 acres."

Although the agreement provided that plaintiffs would draft the deeds of conveyance, as the tax lien foreclosure deadline approached, plaintiffs' lawyer requested that defendant prepare the deeds and offered to have plaintiffs contribute $100 towards defendant's legal fees in order to compensate for the additional expense. Defendant agreed and, after consulting with the surveying firm engaged by the purchasers, he became aware that the surveyors were finding it impossible to plot out two 8.5-acre parcels with parallel property lines and 250 feet of frontage along Lands End Road. The surveyors accordingly increased the road frontage on Reilly's property to 273 feet and on Victor's property to 263 feet.

Defendant prepared deeds describing the parcels as plotted out by the surveyors and, although plaintiffs were supplied with a copy of the deeds two days prior to the closing, they raised no objection to the deed descriptions until the time of closing. Ultimately, plaintiffs executed the deeds as prepared by defendant and, at the same time, the parties to the transaction entered into an "Amendment to Agreement," providing in pertinent part that the purchasers would thereafter have their properties surveyed to ensure that both parcels contained 8.5 acres of land, but that "the road frontage shall not be changed" even if the deeds needed to be corrected to convey exactly 8.5 acres to each purchaser.

Plaintiffs thereafter commenced this action alleging, first, that defendant represented them in a grossly negligent manner when he prepared deeds conveying more road frontage than plaintiffs had intended and, second, that defendant acted deceitfully in violation of Judiciary Law § 487. After issue was joined, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. It is established law that, absent fraud, collusion or a malicious or intentionally tortious act, an attorney will not be liable to a nonclient third party for injuries sustained as a result of the attorney's actions in representing his client (*see, Mills v Dulin*, 192 AD2d 1001, 1003; *Deeb v Johnson*, 170 AD2d 865; *Michalic v Klat*, 128 AD2d 505). Although neither an express agreement nor payment of a fee is essential to a finding of an attorney-client relationship, a "plaintiff's unilateral beliefs and actions do not confer upon it the status of client" (*Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451, *lv denied* 82 NY2d 654). In this case, there is no dispute that plaintiffs were represented by independent counsel who was present and acted on their behalf at the closing. Further, although it is undisputed that plaintiffs paid $100 to defendant, the record makes it clear that this payment was merely intended to reimburse the purchasers for the expense of having defendant prepare the deeds of conveyance. Accordingly, Supreme Court correctly concluded as a matter of law that there was no attorney-client relationship between plaintiffs and defendant, requiring dismissal of the first cause of action (*see, Mills v Dulin, supra*, at 1003).

Nor is there merit to plaintiffs' contention that Supreme Court erred in dismissing their Judiciary Law § 487 cause of action. Judiciary Law § 487 allows an injured party to recover treble damages from the attorney if he or she "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" (Judiciary Law § 487 [1]). Notably, alleged deceit that is not directed at a court must occur in the course of "a pending judicial proceeding" (*Singer v Whitman & Ransom*, 83 AD2d 862, 863; *see, Stanski v Ezersky*, 228 AD2d 311, 313, *lv denied* 89 NY2d 805). Obviously, defendant's preparation of deeds in connection with a real estate transaction, conduct that is not directed at a court or performed in the course of a pending judicial proceeding, falls outside the purview of Judiciary Law § 487. Even if this were not so, the record is devoid of evidence of any deceptive practice or other misconduct on defendant's part, and there is no ques-

tion that plaintiffs voluntarily closed title to the property with full knowledge of all relevant facts.

Under the circumstances, we need not consider defendant's remaining contentions, including the arguments that he did not deviate from the applicable standard of care and that plaintiff sustained no damages.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.