■ GLENN M. HELLMAN, Appellant, v BRUCE HELLMAN et al., Respondents. [876 NYS2d 298]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered March 17, 2008. The order denied plaintiff's motion for summary judgment and granted the cross motions of defendants Bruce Hellman and Stockwood LLC for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the cross motions and reinstating the complaint against defendants Bruce Hellman and Stockwood LLC and as modified the order is affirmed without costs.

Memorandum: Plaintiff and Bruce Hellman (defendant) are the sole and equal shareholders and directors of defendant Maynards Electric Supply, Inc. (Maynards). Defendant, purportedly acting on behalf of Maynards, entered into a lease pursuant to which Maynards was to lease premises from defendant Stockwood LLC (Stockwood). Plaintiff thereafter commenced this action seeking, inter alia, a determination that the lease is void on the ground that defendant lacked the authority to enter into it without the consent of Maynards' Board of Directors (Board), i.e., both plaintiff and defendant. Supreme Court denied the motion of plaintiff for summary judgment and granted the cross motions of defendant and Stockwood for summary judgment dismissing the complaint against them (*Hellman v Hellman*, 19 Misc 3d 695, 723 [2008]). We conclude that the court should have denied the cross motions along with the motion, and we therefore modify the order accordingly.

The record establishes that, pursuant to the bylaws of "Maynard's Holding Corp.," the president, i.e., defendant, was vested with "the management of the business of the corporation," and he thus had the presumptive authority to enter into contracts on the corporation's behalf in the course of the business of the corporation (*see generally Goldston v Bandwidth Tech. Corp.*, 52 AD3d 360, 362-363 [2008], *lv dismissed* 11 NY3d 904 [2009]; *Odell v 704 Broadway Condominium*, 284 AD2d 52,

56-57 [2001]). The record further establishes that defendant previously had signed leases on behalf of the corporation, although plaintiff contends in this instance that he did not agree to the lease and also did not agree that defendant had the authority to bind the corporation to it. Plaintiff also established in opposition to the cross motions that the previous leases signed by defendant were the subject of Board resolutions granting defendant the authority to sign them, or they were signed by defendant "by authority of the Board of Directors of [the] corporation." We thus conclude that plaintiff raised an issue of fact whether, pursuant to past practice, defendant had the authority to lease property without prior authorization by the Board (*see Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 923 [1994]; *see also 56 E. 87th Units Corp. v Kingsland Group, Inc.*, 30 AD3d 1134, 1134-1135 [2006]). In light of our determination, we do not reach the parties' remaining contentions. Present—Martoche, J.P., Centra, Carni and Gorski, JJ. [*See* 19 Misc 3d 695 (2008).]