■ JANINE ZENZILLO, Doing Business as AUTO DIMENSIONS PLUS, Respondent, v UNDERWRITERS AT LLOYD'S LONDON, Appellant. [910 NYS2d 722]—

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Romano, J.), entered July 9, 2009. The order, insofar as appealed from, denied the motion of defendant to dismiss the complaint or vacate the note of issue.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking the amount allegedly owed pursuant to an insurance policy issued to plaintiff by defendant. On June 1, 2006, the parties' counsel stipulated to an indefinite extension of time for defendant to answer the complaint. By letter dated January 19, 2007, plaintiff's counsel requested that defendant answer the complaint so that plaintiff could prosecute the action. Defendant never did so but, on February 3, 2009, it moved to dismiss the complaint pursuant to, inter alia, CPLR 3215 (c). Supreme Court erred in denying the motion on that ground. CPLR 3215 (c) provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the [defendant's] default, the court shall . . . dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Livingston v Livingston, 303 AD2d 975 [2003]). In opposition to the motion, plaintiff included an affirmation from plaintiff's counsel, who agreed that the January 19, 2007 letter terminated the stipulation extending defendant's time to answer. Defendant therefore defaulted 20 days after January 19, 2007 by failing to appear in the action (see CPLR 320 [a]), and plaintiff failed to demonstrate sufficient cause why the complaint should not be dismissed (see CPLR 3215 [c]). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.