# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

549

CA 13-01832

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

SHANA FUENTES, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

KEITH A. HOFFMAN, ET AL., DEFENDANTS,
MARIO BEVIVINO AND ANTONIA BEVIVINO,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (NADIA ARGINTEANU OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BAILEY, KELLEHER & JOHNSON, P.C., ALBANY (MARC J. KAIM OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick
F. MacRae, J.), entered April 23, 2013. The order granted the motion
of defendants Mario Bevivino and Antonia Bevivino to dismiss the
complaint against them as abandoned.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on October 17, 2011
seeking damages for injuries she sustained as a result of her alleged
exposure to lead-based paint as a child. Mario Bevivino and Antonia
Bevivino (defendants) owned one of the premises at which plaintiff
claimed to have been exposed to lead-based paint, and plaintiff served
defendants with the summons and complaint in this action on October
26, 2011. Defendants never joined issue; instead, on January 13,
2013, they moved to dismiss the complaint against them as abandoned
(*see* CPLR 3215 [c]). Supreme Court granted the motion, and we affirm.

"CPLR 3215 (c) provides that, '[i]f the plaintiff fails to take
proceedings for the entry of judgment within one year after the
[defendant's] default, the court shall . . . dismiss the complaint as
abandoned . . . unless sufficient cause is shown why the complaint
should not be dismissed' " (*Zenzillo v Underwriters at Lloyd's London*,
78 AD3d 1540, 1541; *see Livingston v Livingston*, 303 AD2d 975, 975).
This Court has defined "sufficient cause" as evidence "that (1) the
failure to seek a default judgment within one year after the default
is excusable[,] and (2) the cause of action is meritorious" (*Turner v
Turner*, 216 AD2d 910, 911; *see Dobbins v County of Erie*, 58 AD2d 733,
733).

We reject at the outset plaintiff's contention that defendants were not in default, and thus that CPLR 3215 (c) does not apply. During oral argument on the motion, plaintiff's attorney argued that she did not move for a default judgment because defendants were not in fact in default inasmuch as plaintiff had granted them an extension of time in which to answer. Specifically, plaintiff's attorney asserted that it was her understanding that another attorney at the law office that represented plaintiff had "verbally" made an "informal" stipulation with defendants' attorney to extend defendants' time to serve an answer. Plaintiff, however, failed to submit any evidence of that alleged extension of time, and thus failed to establish that there was any procedural impediment to pursuing a default judgment against defendants.

Contrary to plaintiff's alternative contention, we conclude that the court properly determined that plaintiff's failure to seek a default judgment against defendants within one year after the default is not excusable. "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 308; *see Butindaro v Grinberg*, 57 AD3d 932, 932-933). Here, defendants are only two of the six defendants named in the complaint, and the record reflects that plaintiff served discovery demands on other defendants in June 2012 and filed a request for judicial intervention with respect to other defendants in August 2012. By that time, plaintiff also had contacted at least two insurance companies to investigate whether defendants had insurance that would cover her claims for damages. In September 2012, plaintiff had contact with an attorney retained by defendants to represent them. Defendants' attorney contacted plaintiff to advise of his representation, and plaintiff subsequently forwarded an electronic copy of the complaint to him. Thus, the record establishes that there was approximately 14 months between service of the complaint on defendants and defendants' motion to dismiss, during which time plaintiff had minimal contact with defendants with respect to the case. Under those circumstances, we conclude that plaintiff failed to show "sufficient cause" why the complaint should not be dismissed as abandoned (*Zenzillo*, 78 AD3d at 1541; *see Livingston*, 303 AD2d at 975), and that the court did not err in granting the motion (*see Ryant v Bullock*, 77 AD3d 811, 811-812).

Entered: June 13, 2014                                    Frances E. Cafarell
                                                         Clerk of the Court