# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1143**
**CA 14-00508**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

SHANA FUENTES, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

KEITH A. HOFFMAN, ET AL., DEFENDANTS,
MARIO BEVIVINO AND ANTONIA BEVIVINO,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BAILEY, KELLEHER & JOHNSON, P.C., ALBANY (MARC J. KAIM OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 10, 2014.  The order denied the motion of plaintiff for leave to reargue and renew the motion of defendants Mario Bevivino and Antonia Bevivino to dismiss the complaint against them.

It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum:  On a prior appeal, we held that Supreme Court properly granted the motion of Mario Bevivino and Antonia Bevivino (defendants) pursuant to CPLR 3215 (c) to dismiss the complaint against them as abandoned (*Fuentes v Hoffman*, 118 AD3d 1324).  Plaintiff thereafter moved for leave to reargue or to renew that motion (*see* CPLR 2221 [d], [e]) and, alternatively, for vacatur of the court's dismissal order on the ground that it had been procured by fraud, misrepresentation, or other misconduct of defendants' attorney (*see* CPLR 5015 [a] [3]).  The court denied the motion.  As a preliminary matter, we note that the appeal from the order insofar as it denied that branch of plaintiff's motion seeking leave to reargue must be dismissed because "no appeal lies from an order denying leave to reargue" (*Hill v Milan*, 89 AD3d 1458, 1458).

We conclude that the court properly denied that branch of the motion seeking leave to renew.  "A motion for leave to renew 'shall be based upon new facts not offered on the prior [application] that would change the prior determination' (CPLR 2221 [e] [2]), and 'shall contain reasonable justification for the failure to present such facts on the prior [application]' (CPLR 2221 [e] [3])" (*Doe v North

*Tonawanda Cent. Sch. Dist.*, 91 AD3d 1283, 1284; *see Jones v City of Buffalo Sch. Dist.*, 94 AD3d 1479, 1479).  We conclude that plaintiff failed to establish that her purported new facts were not in existence at the time of the prior motion, and that she also did not meet her burden of setting forth a reasonable justification for the failure to present such facts on the prior motion (*see generally DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 909, 910; *Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1627).

We further conclude that the court properly denied plaintiff's alternative request for relief pursuant to CPLR 5015 (a) (3) (*see generally Matter of Wagner*, 114 AD3d 1235, 1237; *Abbott v Crown Mill Restoration Dev., LLC*, 109 AD3d 1097, 1100).  Finally, we have considered plaintiff's remaining contention, and we conclude that it is without merit.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court