# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1282**
**CA 15-00742**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

ERIE CANAL HARBOR DEVELOPMENT CORPORATION,
DEFENDANT-RESPONDENT.
(APPEAL NO. 3.)

---

BARCLAY DAMON, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

THE REDDY LAW FIRM, LLC, BUFFALO (PRATHIMA REDDY OF COUNSEL), AND
PHILLIPS LYTLE LLP, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 21, 2015. The order, among other things, denied plaintiff's motion for leave to renew its prior motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's motion for leave to renew and, upon renewal, vacating the award of summary judgment to defendant and reinstating the complaint, and as modified the order is affirmed without costs in accordance with the following memorandum: As we set forth in earlier appeals between the same parties, plaintiff, DiPizio Construction Company, Inc. (DiPizio), and defendant, Erie Canal Harbor Development Corporation (Erie), entered into a construction agreement (Contract) pursuant to which DiPizio was to provide construction services for a certain revitalization project (*DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 905; *DiPizio Const. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 909; *DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 911). Those earlier appeals arose out of a hybrid breach of contract action and CPLR article 78 proceeding.

DiPizio commenced this related action seeking a judgment declaring that Erie's notice of intent to terminate the Contract (Notice) and its ultimate termination of the Contract were nullities and that the parties' Contract remains in full force and effect. DiPizio contended that Erie's Board of Directors (Board) was required to approve by a majority vote any official action to be taken by Erie and, because the Board did not vote on the decision to issue the Notice or to terminate the Contract, those actions taken by the

Board's President were nullities.

DiPizio moved for summary judgment on the complaint and, in the order in appeal No. 1, Supreme Court denied DiPizio's motion, searched the record under CPLR 3212 (b) and awarded Erie summary judgment. In the order in appeal No. 2, the court granted DiPizio's motion for reargument and, upon reargument, adhered to its prior decision. In the order in appeal No. 3, the court denied DiPizio's motion for leave to renew the earlier motion for summary judgment and adhered to its award of summary judgment to Erie. We note at the outset that the appeal from the order in appeal No. 1 must be dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985).

We agree with DiPizio with respect to appeal No. 3 that the court abused its discretion in denying DiPizio's motion for leave to renew. "It is well established that a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination,' and 'shall contain reasonable justification for the failure to present such facts on the prior motion' " (*DiPizio Constr. Co., Inc.*, 120 AD3d at 910, quoting CPLR 2221 [e] [2], [3]; *see Fuentes v Hoffman*, 122 AD3d 1319, 1320). DiPizio, "as the movant, 'bore the burden of proving that the new evidence [it] sought to present could not have been discovered earlier with due diligence and would have led to a different result' " (*DiPizio Constr. Co., Inc.*, 120 AD3d at 910). Here, DiPizio met its burden.

In support of the renewal motion, DiPizio submitted deposition transcripts containing information relevant to the underlying motion for summary judgment. Contrary to Erie's contention, we conclude that DiPizio provided a reasonable justification for its failure to submit those depositions on the earlier motion, i.e., the court had denied DiPizio's requests to conduct such depositions (*see Luna v Port Auth. of N.Y. & N.J.,* 21 AD3d 324, 325-326; *cf. Justino v Santiago*, 116 AD3d 411, 411; *Eskenazi v Mackoul*, 92 AD3d 828, 829; *see also State Farm Fire & Cas. v Parking Sys. Valet Serv.*, 85 AD3d 761, 764).

We further conclude that the new facts offered in support of the renewal motion would change the prior determination awarding Erie summary judgment in this declaratory judgment action (*see* CPLR 2221 [e] [2]). In denying DiPizio's initial motion and awarding Erie summary judgment, the court concluded that, although Erie's Board had not taken any formal action to issue the Notice or to terminate the Contract, the Board ratified the actions of its president. The deposition testimony submitted by DiPizio in support of the renewal motion establishes that there are triable issues of fact whether the president's action could have been ratified by Erie's Board. " 'Ratification is the express or implied adoption of the acts of another by one for whom the other assumes to be acting, but without authority[,] . . . [and it] relates back and supplies original authority to execute [an agreement]' . . . Ratification requires 'full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language' " (*Rocky Point Props. v Sear-Brown Group*, 295 AD2d 911, 913; *see Holm v C.M.P. Sheet Metal*, 89 AD2d

229, 232-233; *see generally Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131). In support of its renewal motion, DiPizio submitted deposition testimony from a majority of the Board members raising triable issues of fact whether a majority of the Board had " 'full knowledge of the material facts relating' " to DiPizio's termination (*Rocky Point Props.*, 295 AD2d at 913).

Erie contends, as an alternative ground for affirmance (*see Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), that no formal Board vote was required. Contrary to DiPizio's contention, Erie may properly raise this theory on appeal inasmuch as this ground was raised by Erie in opposition to the original motion (*see Summers v City of Rochester*, 60 AD3d 1271, 1273). We nevertheless conclude, however, that there are triable issues of fact whether a formal vote of the Board was required. Despite the language of Erie's bylaws and the presumption that the Board's president had the authority to enter into and terminate contracts "in the ordinary course of the corporation's business" (*A & M Wallboard v Marina Towers Assoc.*, 169 AD2d 751, 752, *lv denied* 78 NY2d 854; *see Odell v 704 Broadway Condominium*, 284 AD2d 52, 56-57; *see generally Hardin v Morgan Lithograph Co.*, 247 NY 332, 338-339), there are triable issues of fact whether the termination of the $20 million Contract was " 'extraordinary' or 'unusual' and outside of the ordinary course of [Erie's] business" (*Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 923). Thus, there are triable issues of fact whether the Board's president could terminate the Contract in the absence of the express authority of the Board (*see Liebermann v Princeway Realty Corp.*, 17 AD2d 258, 260, *affd* 13 NY2d 999; *Arrow Communication Labs.*, 206 AD2d at 923). Moreover, the evidence of the Board's past practices in taking formal action to enter into and to amend contracts raises triable issues of fact whether the Board's president could terminate the Contract without formal action of the Board (*see Hellman v Hellman*, 60 AD3d 1468, 1468-1469; *see also 56 E. 87th Units Corp. v Kingsland Group, Inc.*, 30 AD3d 1134, 1134-1135; *Saleh v Saleh*, 239 AD2d 165, 167). We thus conclude that the order in appeal No. 3 must be modified by granting plaintiff's motion for leave to renew and, upon renewal, vacating the award of summary judgment to Erie and reinstating the complaint. Based on our determination in appeal No. 3, we conclude that the appeal from the order in appeal No. 2 must be dismissed as academic (*see e.g. Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC*, 103 AD3d 589, 589-590; *Del Bene v Frank C. Perry, DDS, P.C.*, 83 AD3d 771, 771-772).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court