■ DiPizio Construction Company, Inc., Appellant, and Travelers Casualty and Surety Company of America, Intervenor-Plaintiff-Respondent, v Erie Canal Harbor Development Corporation, Respondent. [56 NYS3d 751]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 11, 2016. The order, among other things, granted the cross motion of Travelers Casualty and Surety Company of America seeking to intervene in this action and to replace plaintiff DiPizio Construction Company, Inc., as the plaintiff and real party in interest in this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In a prior appeal we reinstated the complaint of DiPizio Construction Company, Inc. (DiPizio) seeking a declaration that defendant's notice of intent to terminate the construction contract (Contract) the parties entered into for a certain revitalization project and defendant's ultimate termination of that contract were nullities (*DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 134 AD3d 1418 [2015]). We concluded that there were issues of fact whether defendant's president lacked authority to terminate the Contract without the express authority or formal action of defendant's Board of Directors (*id.* at 1420). During the pendency of that appeal, Supreme Court determined with respect to three other actions commenced by DiPizio against defendant that intervenor Travelers Casualty and Surety Company of America (Travelers) is the real party in interest, and the court therefore substituted Travelers as the plaintiff in those actions. On DiPizio's appeal from that order, we agreed with the court's reasoning that the default provisions of the General Indemnity Agreement (GAI) between DiPizio and Travelers were triggered; that Travelers could rely in good faith on a declaration of delinquency and that such a declaration, as well as other factors, constituted a default under the GAI; and that, in the event of a default as specified in the GAI, DiPizio assigned to Travelers "all of [its] rights and interests growing in any manner out of the Contract" between DiPizio and defendant (*DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 148 AD3d 1595 [2017]).

During the pendency of the appeal of the court's order determining that Travelers is the real party in interest with respect to the three actions at issue in that case, defendant moved and Travelers cross-moved for an order determining that Travelers also is the real party in interest in this action. Contrary to DiPizio's contention, the court properly determined that, pursuant to the terms of the GAI, Travelers is also the real party in interest in this action. We conclude that the

declaratory relief sought in the instant action, i.e., a declaration that the termination of the Contract is a nullity because defendant's president lacked authority to terminate the Contract, concerns a right or interest of DiPizio's that "gr[ew] . . . out of the Contract" between DiPizio and defendant, pursuant to the terms of the GAI. Thus, the assignment provisions of the GAI are applicable to this action, and the court properly determined that Travelers is the real party in interest (see *James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836, 838 [1984]). Present—Peradotto, J.P., Carni, Lindley and Scudder, JJ.