Centerline/fleet Hous. Partnership, L.P. - Series B v Hopkins Ct. Apts., LLC (2019 NY Slip Op 07171)





Centerline/fleet Hous. Partnership, L.P. - Series B v Hopkins Ct. Apts., LLC


2019 NY Slip Op 07171


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


853 CA 18-02086

[*1]CENTERLINE/FLEET HOUSING PARTNERSHIP, L.P. - SERIES B, A DELAWARE LIMITED PARTNERSHIP, AND RCHP SLP II, L.P., A DELAWARE LIMITED PARTNERSHIP, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF HOPKINS COURT ASSOCIATES, L.P., A NEW YORK LIMITED PARTNERSHIP, PLAINTIFFS-RESPONDENTS,
v
HOPKINS COURT APARTMENTS, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHITNEY CAPITAL COMPANY, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHITNEY HOPKINS ASSOCIATES, A NEW YORK GENERAL PARTNERSHIP, CRS PROPERTIES, INC., A NEW YORK CORPORATION, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. (APPEAL NO. 1.) 






WINTHROP & WEINSTINE, P.A., MINNEAPOLIS, MINNESOTA (DAVID A. DAVENPORT, OF THE MINNESOTA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND WOODS OVIATT GILMAN LLP, BUFFALO, FOR DEFENDANTS-APPELLANTS. 
BOIES SCHILLER FLEXNER LLP, LOS ANGELES, CALIFORNIA (ERIC S. PETTIT, OF THE CALIFORNIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND BARCLAY DAMON LLP, BUFFALO, FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), dated July 21, 2017. The order denied the motion of defendants-appellants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, as limited partners, and defendant Hopkins Court Apartments, LLC, a Delaware Limited Liability Company (HCA), as general partner, are members of a partnership formed for the purpose of constructing and operating an affordable housing complex for senior citizens. In 2016, HCA, acting pursuant to section 4.3 (E) of the partnership agreement, refinanced the project without plaintiffs' consent. Plaintiffs thereafter commenced this action against HCA and three of its affiliates (collectively, defendants), asserting, inter alia, breach of contract and breach of fiduciary duty causes of action. In appeal No. 1, defendants appeal from an order denying their motion for, among other things, summary judgment dismissing the complaint against them. In appeal No. 2, defendants appeal from an order that, inter alia, denied their motion for leave to renew their prior motion insofar as it sought summary judgment dismissing the complaint against them. We affirm in both appeals.
We reject defendants' contention in appeal No. 1 that Supreme Court erred in denying the motion with respect to the breach of contract causes of action. It is undisputed that the resolution of those causes of action depends on the interpretation of section 4.3 (E) of the partnership agreement, which provides that "[n]otwithstanding anything to the contrary herein or in the Contribution Agreement, the General Partner shall have the right to refinance the Apartment Complex after the expiration of the Compliance Period without the Consent of the Special [*2]Limited Partner, provided that (i) the resulting debt service coverage ratio for the Apartment Complex (i.e., total income minus operating expenses (including customary repairs and maintenance) and replacement reserves divided by debt service) is no less than 1.10 and (ii) the terms and conditions of such new financing are substantially similar to the terms and conditions of the permanent loan being refinanced." It is well settled that " [t]he interpretation of an unambiguous contractual provision is a function for the court . . . , and [t]he proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation . . . . To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon' " (Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). Here, although we agree with defendants that their interpretation of the provision is reasonable, we cannot conclude that it is the only reasonable interpretation thereof. In reaching this conclusion, we agree with defendants that the court erred in concluding that section 4.3 (E) of the partnership agreement is unambiguous in plaintiffs' favor. Viewing the language of that section along with the agreement as a whole (see id.), we conclude that it would be reasonable to interpret it as requiring either that the debt service coverage ratio requirement was intended to limit the amount of the refinance, while the "substantially similar" requirement was intended to restrict the other details of the loan or, alternatively, that the amount of a loan qualifies as one of the loan's terms, in which case the disparity between the principal amount of the original loan and the amount of the refinanced loan potentially violated the "substantially similar" requirement. Contrary to the contentions of both plaintiffs and defendants, the extrinsic evidence presented on the original motion does not clarify this ambiguity. Where, as here, " ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment' " (Mohawk Val. Water Auth. v State of New York, 159 AD3d 1548, 1550 [4th Dept 2018]).
We similarly reject defendants' contention in appeal No. 1 that the court erred in denying the motion insofar as it sought summary judgment dismissing the breach of fiduciary duty causes of action as duplicative of the breach of contract causes of action. It is well established that "the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself" (Mandelblatt v Devon Stores, 132 AD2d 162, 167-168 [1st Dept 1987]; see Meyers v Waverly Fabrics, Div. of Schumacher & Co., 65 NY2d 75, 80 n 2 [1985]; LaBarte v Seneca Resources Corp., 285 AD2d 974, 976 [4th Dept 2001]). While plaintiffs' fiduciary duty causes of action certainly arise out of the same underlying transaction as the breach of contract causes of action, i.e., the 2016 refinance, the fiduciary duty causes of action are based on distinct factual theories and allegations. Contrary to defendants' related contention, their reliance on the advice-of-counsel defense is misplaced inasmuch as the legal opinion letter submitted to support this defense does not reference defendants' fiduciary duty and includes certain exclusions and qualifications that expressly restrict the scope of the opinion to the refinance transaction itself.
Contrary to defendants' contention in appeal No. 2, the court properly denied their motion for leave to renew. In support of that motion, defendants submitted deposition transcripts containing information relevant to the underlying motion for summary judgment, i.e., the interpretation of section 4.3 (E) of the partnership agreement. "It is well established that a motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418, 1419 [4th Dept 2015] [internal quotation marks omitted]; see CPLR 2221 [e] [2], [3]).
As the moving parties, defendants "bore the burden of proving that the new evidence [they] sought to present could not have been discovered earlier with due diligence and would have led to a different result" (DiPizio Constr. Co., Inc., 134 AD3d at 1419 [internal quotation marks omitted]). Here, defendants did not meet that burden inasmuch as nothing prevented them from conducting discovery, including depositions, prior to moving for summary judgment (cf. id.; Foxworth v Jenkins, 60 AD3d 1306, 1307 [4th Dept 2009]; Luna v Port Auth. of N.Y. & N.J., 21 AD3d 324, 325-326 [1st Dept 2005]). Defendants simply failed to provide a reasonable justification for not procuring the deposition testimony before moving for summary judgment (see Caronia v Peluso, 170 AD3d 649, 650-651 [2d Dept 2019]; Justino v Santiago, 116 AD3d 411, 411 [1st Dept 2014]).
We have reviewed defendants' remaining contentions and conclude that none warrants reversal or modification of either order on appeal.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court