Matter of Travelers Cas. & Sur. Co. of Am. v Erie Canal Harbor Dev. Corp. (2020 NY Slip Op 07754)





Matter of Travelers Cas. & Sur. Co. of Am. v Erie Canal Harbor Dev. Corp.


2020 NY Slip Op 07754


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, AND CURRAN, JJ.


680.1 CA 19-00661

[*1]IN THE MATTER OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, ASSERTING CLAIMS IN ITS OWN RIGHT, AND AS THE ASSIGNEE AND REAL PARTY IN INTEREST OF THE CLAIMS OF DIPIZIO CONSTRUCTION COMPANY, INC., PLAINTIFF-PETITIONER-APPELLANT,
v
ERIE CANAL HARBOR DEVELOPMENT CORPORATION, DEFENDANT-RESPONDENT-RESPONDENT. 






CHIESA SHAHINIAN & GIANTOMASI PC, NEW YORK CITY (ADAM P. FRIEDMAN OF COUNSEL), FOR PLAINTIFF-PETITIONER-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (WILLIAM J. BRENNAN OF COUNSEL), FOR DEFENDANT-RESPONDENT-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered September 18, 2018. The order, among other things, granted defendant-respondent's motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On a prior appeal in this breach of contract action, we concluded, among other things, that triable issues of fact existed concerning the authority of the president of defendant-respondent (defendant) to terminate a specific contract between DiPizio Construction Company, Inc. (DiPizio) and defendant in the absence of express authorization from defendant's Board of Directors (Board) (DiPizio Const. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418, 1420 [4th Dept 2015]). The parties thereafter engaged in extensive further discovery, following which plaintiff-petitioner (plaintiff) moved for partial summary judgment as to liability on the ground that, inter alia, defendant's president lacked authority to terminate the contract. Defendant, asserting that its president had such authority, moved for partial summary judgment dismissing the fifth cause of action, which sought a judgment that the contract was improperly terminated without authority.
The new information before Supreme Court on those motions included, inter alia, plaintiff's substitution for DiPizio as the "real party in interest"; the unanimous resolution of defendant's Board affirming the authority of defendant's president to manage defendant's contracts, including any provisions regarding the termination of such contracts; the affidavit of the Senior Counsel and Vice President of Capital Projects for Empire State Development (defendant's sole shareholder) asserting that "the relevant policies of defendant and [Empire State Development] expressly authorize [defendant's] president to terminate [defendant's] contracts"; and the applicable Procurement Guidelines adopted by both defendant and Empire State Development.
We now conclude, based on this expanded record, that defendant met its initial burden on its motion. Inasmuch as a corporate president has presumptive authority "to do any act which the directors could authorize or ratify," defendant's president was presumptively authorized to terminate the subject contract on defendant's behalf (Hastings v Brooklyn Life Ins. Co., 138 NY 473, 479 [1893]; see Hardin v Morgan Lithograph Co., 247 NY 332, 338-339 [1928]). [*2]Furthermore, defendant established both that the Board had imposed no "restrictions" on its president's power to terminate contracts (Hardin, 247 NY at 339; cf. Hellman v Hellman, 60 AD3d 1468, 1469 [4th Dept 2009]) and that defendant's president had terminated the subject contract in the "ordinary course of business" (Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [4th Dept 1994]). In opposition, plaintiff failed to raise a triable issue of fact. The court therefore properly granted defendant's motion, denied plaintiff's motion, and dismissed the fifth cause of action and the first cause of action insofar as it alleged that defendant's president lacked authority to terminate the contract.
Separately, even if Justice Chimes erred in signing the order on appeal after having recused herself, plaintiff invited that ostensible error by joining defendant in drafting the proposed order for Justice Chimes's signature and thus cannot now be heard to challenge it (see generally Freidus v Eisenberg, 71 NY2d 981, 982 [1988]; Wein v City of New York, 36 NY2d 610, 620-621 [1975]; Siemucha v Garrison, 111 AD3d 1398, 1401 [4th Dept 2013]). Plaintiff's remaining contention is academic in light of our determination.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court