Dreamco Dev. Corp. v Empire State Dev. Corp. (2021 NY Slip Op 00952)





Dreamco Dev. Corp. v Empire State Dev. Corp.


2021 NY Slip Op 00952


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


812 CA 20-00405

[*1]DREAMCO DEVELOPMENT CORPORATION AND ROSANNE DIPIZIO, PLAINTIFFS-RESPONDENTS,
v
EMPIRE STATE DEVELOPMENT CORPORATION, ERIE CANAL HARBOR DEVELOPMENT CORPORATION, PHILLIPS LYTLE LLP, DEFENDANTS-APPELLANTS, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, DEFENDANT, ET AL., DEFENDANTS. 






PHILLIPS LYTLE LLP, BUFFALO (WILLIAM J. BRENNAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICES OF DANIEL W. ISAACS, PLLC, EAST ROCKAWAY (DANIEL W. ISAACS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered February 5, 2020. The order, insofar as appealed from, denied in part the motion of defendants Empire State Development Corporation, Erie Canal Harbor Development Corporation and Phillips Lytle LLP to dismiss the complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint against defendants-appellants is dismissed.
Memorandum: As we set forth in earlier related appeals, nonparty DiPizio Construction Company, Inc. (DiPizio) and defendant Erie Canal Harbor Development Corporation (Erie) entered into a construction agreement pursuant to which DiPizio was to provide construction services for a revitalization project along the waterfront in Buffalo (DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 151 AD3d 1750 [4th Dept 2017], lv denied 30 NY3d 910 [2018]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418 [4th Dept 2015]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 905 [4th Dept 2014]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 909 [4th Dept 2014]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 911 [4th Dept 2014]). Plaintiff Dreamco Development Corporation (Dreamco), owned by Rosanne DiPizio (plaintiff), was retained by DiPizio to provide management and consulting services and construction materials for the project. Erie subsequently terminated DiPizio from the project, and DiPizio no longer needed Dreamco's services. Plaintiffs commenced this action seeking money damages allegedly resulting from the termination, and Empire State Development Corporation, Erie, and Phillips Lytle LLP (collectively, defendants), among others, moved to dismiss the complaint against them. Defendants now appeal from an order insofar as it denied the motion with respect to the first and ninth causes of action.
Defendants contend that Supreme Court erred in denying that part of the motion seeking to dismiss the first cause of action, for fraud, against them. We agree. "The elements of a cause of action for fraud require a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Morrow v MetLife Invs. Ins. Co., 177 AD3d 1288, 1289 [4th Dept 2019]). Furthermore, "a fraud claim requires the plaintiff to have relied upon a misrepresentation by a defendant to his or her detriment" (Pasternack v Laboratory [*2]Corp. of Am. Holdings, 27 NY3d 817, 829 [2016], rearg denied 28 NY3d 956 [2016]; see Warren v Forest Lawn Cemetery & Mausoleum, 222 AD2d 1059, 1059 [4th Dept 1995]). Here, we conclude that the complaint "failed to adequately allege that the misrepresentations were made for the purpose of being communicated to . . . plaintiff[s] in order to induce [their] reliance thereon or that the[ ] misrepresentations were relayed to . . . plantiff[s], who then relied upon them" (Robles v Patel, 165 AD3d 858, 860 [2d Dept 2018]; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [2d Dept 2017]).
In addition, "[a] claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016 (b)" (Eurycleia Partners, LP, 12 NY3d at 559). Inasmuch as the complaint contained only generic allegations that defendants made misrepresentations, omissions, and concealments in their pleadings and communications, we further conclude that the complaint failed to adequately set forth with particularity the alleged misrepresentations of material fact made by defendants (see Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 953, 955 [2d Dept 2017], appeal dismissed 29 NY3d 1113 [2017]; cf. Pike Co., Inc. v Jersen Constr. Group, LLC, 147 AD3d 1553, 1556 [4th Dept 2017]). Furthermore, to the extent that it is based on alleged omissions by defendants, the first cause of action fails to state a claim because "an omission does not constitute fraud unless there is a fiduciary or 'special' relationship between the parties" (Golub v Tanenbaum-Harber Co., Inc., 88 AD3d 622, 622 [1st Dept 2011], lv denied 19 NY3d 806 [2012]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 46 AD3d 400, 402 [1st Dept 2007], affd 12 NY3d 553 [2009]) and the complaint failed to allege the requisite fiduciary or special relationship between plaintiffs and defendants.
We also agree with defendants that the first cause of action is time-barred. Although fraud claims are generally governed by a six-year statute of limitations (see CPLR 213 [8]), "courts will not apply the fraud [s]tatute of [l]imitations if the fraud allegation is only incidental to the claim asserted; otherwise, fraud would be used as a means to litigate stale claims" (Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 120 [1st Dept 1985], affd 67 NY2d 981 [1986]; see Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]). "In classifying a cause of action for statute of limitations purposes, the controlling consideration is not the form in which the cause of action is stated, but its substance" (Rutzinger v Lewis, 302 AD2d 653, 654 [3d Dept 2003]; see Matter of Foley v Masiello, 38 AD3d 1201, 1201-1202 [4th Dept 2007]). Inasmuch as the gravamen of plaintiffs' fraud claim is that plaintiffs suffered reputational damages and a loss of goodwill as a result of defendants' conduct and that Dreamco lost its contract with DiPizio as a result of defendants' fraudulent scheme, we conclude that the fraud allegation is incidental to the injurious falsehood and tortious interference claims, which were dismissed by the court as time-barred.
We likewise agree with defendants that the court erred in denying that part of the motion seeking to dismiss the ninth cause of action, for violations of Judiciary Law § 487, against Phillips Lytle LLP. Under section 487 (1), an attorney who "[i]s guilty of any deceit or collusion . . . with intent to deceive the court or any party," is guilty of a misdemeanor and is potentially liable for treble damages to be recovered in a civil action. A violation of the statute may be established by evidence of the defendant's alleged deceit (see Scarborough v Napoli, Kaiser & Bern, LLP, 63 AD3d 1531, 1533 [4th Dept 2009] [internal quotation marks omitted]; Izko Sportswear Co., Inc. v Flaum, 25 AD3d 534, 537 [2d Dept 2006]), but "alleged deceit that is not directed at a court must occur in the course of 'a pending judicial proceeding' " (Hansen v Caffry, 280 AD2d 704, 705 [3d Dept 2001], lv denied 97 NY2d 603 [2001]; see Sun Graphics Corp. v Levy, Davis & Maher, LLP, 94 AD3d 669, 669 [1st Dept 2012]; Henry v Brenner, 271 AD2d 647, 647-648 [2d Dept 2000]).
The complaint alleged that Phillips Lytle LLP "actively participated in the preparation and distribution of [a certain memorandum] and preparation and filing of multiple court submissions to the New York State Supreme and Appellate Courts that included false and misleading statements" and "knowingly caused these misstatements to be filed with the intent of deceiving the Courts." The complaint failed to allege, however, that Phillips Lytle LLP engaged in egregious misconduct or made a material false statement in the course of a judicial proceeding. The allegedly deceitful memorandum was not directed at the court, and the complaint failed to allege that it was promulgated during a pending judicial proceeding (see Costalas v Amalfitano, 305 AD3d 202, 203-204 [1st Dept 2003]; Hansen, 280 AD2d at 705). Furthermore, it is evident from the face of the complaint that plaintiffs were not parties to a judicial proceeding when the [*3]memorandum was prepared. The complaint also failed to identify the "multiple court submissions" that allegedly contained false and misleading statements by Phillips Lytle LLP, and it thus failed to adequately allege that deceitful statements were directed at a court (see Hansen, 280 AD2d at 705).
Finally, even assuming, arguendo, that the statement of an attorney from Phillips Lytle LLP to a law clerk that, according to defendant Travelers Casualty and Surety Company of America (Travelers), DiPizio's surety, DiPizio's "paperwork was a mess and
. . . the subcontractors didn't know what to build," was directed at the court, we nevertheless conclude that "the complaint fail[ed] to show . . . a deceit that reaches the level of egregious conduct" on the part of Phillips Lytle LLP (Savitt v Greenberg Traurig, LLP, 126 AD3d 506, 507 [1st Dept 2015] [internal quotation marks omitted]; see Englert v Schaffer, 61 AD3d 1362, 1363 [4th Dept 2009]; cf. Papa v 24 Caryl Ave. Realty Co., 23 AD3d 361, 361-362 [2d Dept 2005], lv denied 6 NY3d 705 [2006], cert denied 547 US 1207 [2006]). Moreover, defendants submitted, as part of their motion, documentary evidence in the form of email communications and deposition testimony establishing, inter alia, that consultants for Travelers did, in fact, express the belief that DiPizio's paperwork was in disarray.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court