Dreamco Dev. Corp. v Empire State Dev. Corp. (2021 NY Slip Op 04792)





Dreamco Dev. Corp. v Empire State Dev. Corp.


2021 NY Slip Op 04792


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


18 CA 20-00446

[*1]DREAMCO DEVELOPMENT CORPORATION AND ROSANNE DIPIZIO, PLAINTIFFS-RESPONDENTS,
v
EMPIRE STATE DEVELOPMENT CORPORATION, ET AL., DEFENDANTS, AND MARIA LEHMAN, DEFENDANT-APPELLANT. 






BROWN HUTCHINSON LLP, ROCHESTER (KIMBERLY J. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICES OF DANIEL W. ISAACS, PLLC, MOUNT KISCO (DANIEL W. ISAACS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered February 7, 2020. The order, insofar as appealed from, denied in part the motion of defendant Maria Lehman to dismiss the complaint against her. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint against defendant Maria Lehman is dismissed.
Memorandum: As we set forth in earlier related appeals, nonparty DiPizio Construction Company, Inc. (DCC) and defendant Erie Canal Harbor Development Corporation (Erie) entered into a construction agreement pursuant to which DCC was to provide construction services for a revitalization project along the waterfront in Buffalo (Dreamco Dev. Corp. v Empire State Dev. Corp., 191 AD3d 1444 [4th Dept 2021]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 151 AD3d 1750 [4th Dept 2017], lv denied 30 NY3d 910 [2018]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418 [4th Dept 2015]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 905 [4th Dept 2014]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 909 [4th Dept 2014]; DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 120 AD3d 911 [4th Dept 2014]). Plaintiff Dreamco Development Corporation (Dreamco), owned by plaintiff Rosanne DiPizio, was retained by DCC to provide management and consulting services and construction materials for the project. Erie subsequently terminated DCC from the project, and DCC no longer needed Dreamco's services. Plaintiffs commenced this action seeking money damages allegedly resulting from the termination. Maria Lehman (defendant) now appeals from an order insofar as it denied that part of her motion seeking to dismiss the fraud cause of action against her.
We agree with defendant that Supreme Court should have granted that part of her motion seeking to dismiss the fraud cause of action against her on the ground that it failed to state a cause of action (see CPLR 3211 [a] [7]). "The elements of a cause of action for fraud require a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Morrow v MetLife Invs. Ins. Co., 177 AD3d 1288, 1289 [4th Dept 2019]). It is also well settled "that a fraud claim requires the plaintiff to have relied upon a misrepresentation by a defendant to his or her detriment" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829 [2016], rearg denied 28 NY3d 956 [2016]; see Warren v Forest Lawn Cemetery & Mausoleum, 222 AD2d 1059, 1059 [4th Dept 1995]).
Here, the complaint does not set forth any material misrepresentations that defendant [*2]allegedly made to plaintiffs (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008 [2d Dept 2017]; Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141 [2d Dept 2016]; cf. Pike Co., Inc. v Jersen Constr. Group, LLC, 147 AD3d 1553, 1556 [4th Dept 2017]), nor does it adequately allege that defendant made any misrepresentations to third parties "for the purpose of being communicated to . . . plaintiff[s] in order to induce [plaintiffs'] reliance thereon or that the[ ] misrepresentations were relayed to . . . plaintiff[s], who then relied upon them" (Robles v Patel, 165 AD3d 858, 860 [2d Dept 2018]; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [2d Dept 2017]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court