■ MARIA LUNA, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [800 NYS2d 170]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 4, 2004, which, insofar as appealable, denied plaintiff's motion to renew defendants' prior motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion for renewal granted and, upon renewal, the motion and cross motion for summary judgment denied. Appeal from so much of the order as denied plaintiffs' motion to reargue unanimously dismissed, without costs, as taken from a nonappealable disposition.

Plaintiff commenced this action in June 1999 to recover damages for personal injuries she sustained in slipping and falling on a patch of ice at a taxi stand at John F. Kennedy International Airport. In early 2002, defendants moved and cross-moved for summary judgment dismissing the complaint. The court granted the motions in June 2002, finding that the Port Authority had no duty to maintain, clean or remove ice from the subject area, and that Spectaguard had no notice of the alleged dangerous condition.

Meanwhile, on November 28, 2001, Spectaguard's counsel informed plaintiff's counsel, pursuant to a November 2, 2001 compliance conference order, of the name and last known address of its former employee, Phillip Thomas, the taxi dispatcher who was on duty at the time of plaintiff's accident. On January 25, 2002, about a month before Spectaguard cross-moved for summary judgment, plaintiff served Thomas with a subpoena to depose him as a nonparty witness on February 20, 2002. However, Thomas failed to comply with the subpoena, and plaintiff moved, by order to show cause, to hold him in contempt. The court signed the order on April 1, 2002, although it struck the submitted language ordering a stay of all proceedings pending determination of the motion, and Thomas finally was deposed on May 16, 2002, a month after the final return date for the summary judgment motions.

Thomas testified that Port Authority employees called 76'rs monitored activity at the terminals and responded to problems and emergencies. In the event Spectaguard employees observed a dangerous condition, they reported it to a supervisor, who in turn reported it to the 76'rs, and the 76'rs addressed the problem. On the day of the accident, Thomas saw Port Authority vehicles clearing snow and ice and putting down salt and sand on the roadway adjacent to the terminal at which plaintiff's plane had arrived. Some time before plaintiff's plane landed, he observed the icy condition at the taxi stand, moved the taxi line closer to the door of the terminal and away from the ice, and notified his supervisor. However, no warning signs were posted and the area was not blocked off. While Thomas did not see plaintiff fall, he assisted her afterwards when she called for help, and he saw ice on the ground where she fell.

Thomas's deposition testimony raises issues of fact as to whether the Port Authority was responsible for maintaining the curb and sidewalk area where plaintiff fell and removing snow and ice therefrom, whether Spectaguard failed to take appropriate measures to prevent injury to individuals using the taxi stand, and whether both defendants had notice of the icy condition. Based on this testimony, plaintiff moved in June 2003 for leave to renew and/or reargue defendants' motion and cross motion for summary judgment. She argued that the testimony was material to the issues determinative of the motion and had been unavailable to her before the return date of the motion.

The court denied that branch of plaintiff's motion that sought leave to reargue, on the ground that plaintiff had failed to demonstrate that the court overlooked or misapprehended the relevant law or facts in determining the prior motion. The court denied that branch of the motion that sought leave to renew, on the grounds that plaintiff had failed to offer any excuse for waiting more than a year from the date of Thomas's deposition, and from the date of the prior decision and order, to make the motion, and that she had failed to advance any justification for failing to bring Thomas's deposition to the court's attention while the motions and cross motion were sub judice.

The court's denial of the motion to renew was an improvident exercise of discretion. CPLR 2221 provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). As plaintiff was unable, through no lack of diligent efforts on her part (CPLR 2221 [e] [3]; *see Schneider v 17 Bat-*

*tery Place N. Assoc. II*, 289 AD2d 164, 166 [2001]), to take Thomas's deposition until May 16, 2002, after the final return date of defendants' motions, his testimony was unavailable to her for presentation in opposition to the motions. As the testimony raised issues of fact as to defendants' duty with regard to icy conditions and their notice of the condition that caused plaintiff's accident, it would have changed the court's determination on the motions for summary judgment. Thus, Thomas's testimony constitutes new facts upon which renewal was properly sought (CPLR 2221 [e] [2]; *see Nelson v RPH Constr. Corp.*, 278 AD2d 465 [2000]).

We note that, while plaintiff did not argue in her April 2002 opposition that summary judgment was premature, she did inform the court of the circumstances of Thomas's deposition, i.e., that he had not complied with her subpoena, and in her contempt motion she sought a stay of all proceedings, which the court denied.

While the court found that plaintiff's motion for leave to reargue was timely brought, despite the fact that the motion was a combined motion for leave to reargue and leave to renew, the court found that the motion for leave to renew was untimely brought. Yet, a motion for leave to renew is not subject to the same time constraints as govern a motion for leave to reargue. A motion for leave to renew must "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]), and this plaintiff provided. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Williams and Catterson, JJ.