■ NADIA JAMAL EDDINE, Plaintiff, v FEDERATED DEPARTMENT STORES, INC., et al., Respondents, et al., Defendant. FEDERATED DEPARTMENT STORES, INC., et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiff, v RICHEMONT NORTH AMERICA, INC., Third-Party Defendant-Appellant. [899 NYS2d 164]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 17, 2008, which, to the extent appealed from, denied that portion of then-defendant Richemont's motion for summary judgment dismissing all cross claims against it and granted the cross motions of the remaining defendants to convert those cross claims into third-party claims against Richemont, and order, same court and Justice, entered January 16, 2009, which denied Richemont's motion to renew that portion of its prior motion, unanimously affirmed, without costs.

Plaintiff was injured when struck by a sign that fell while she was working behind the Cartier counter at Bloomingdale's in Manhattan. Richemont is the owner of Cartier. With the dismissal of the complaint as against Richemont, the court properly converted the other defendants' cross claims for indemnification into a third-party action against Richemont (*see e.g. Jones v New York City Hous. Auth.*, 293 AD2d 371 [2002]). Richemont offered no evidence, either on its motion to dismiss or in opposition to the cross motions to file third-party actions, to contradict plaintiff's allegations of gravely disabling injury under Workers' Compensation Law § 11 (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 415 [2004]).

A motion to renew is intended to bring to the court's attention new or additional facts that—although in existence at the time the original motion was made—were unknown to the movant at that time. The rule is not inflexible, and renewal may be granted in the court's discretion, in the interest of justice, even on facts that were known to the movant at the time of the original motion (*see e.g. Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [2007]). However, Richemont failed to exercise

due diligence in obtaining the expert reports, and also failed to provide a reasonable explanation for not presenting such facts on its prior motion (CPLR 2221 [e] [3]). Under these circumstances, renewal was properly denied.

"Injuries qualifying as grave are narrowly defined" in Workers' Compensation Law § 11, and the words in the statute should "be given their plain meaning without resort to forced or unnatural interpretations" (*Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001]). Plaintiff's examining neuropsychologist concluded that the patient had suffered "a mild traumatic brain injury," and exhibited no evidence of malingering. By contrast, defendant's examiner found no disability due to any neurological disorder, instead concluding that plaintiff's symptoms were "typical of a somatization* disorder related to her desperate quest for financial compensation." These starkly contradictory conclusions presented an issue of fact for a jury. Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 31652(U).]**

---

* Stedman's Medical Dictionary (at 1655 [27th ed 2000]) defines this word as the expression of psychological need or the conversion of anxiety into physical symptoms or "a wish for material gain associated with a legal action following an injury."