■ DAVID MITCHELL, Respondent, v STEVEN ABRAMS, Appellant. [933 NYS2d 267]—

Plaintiff seeks summary judgment based on language in a personal guaranty given by defendant, the principal of a nonparty contractor hired by plaintiff. Fairly construed, in context and so as to avoid a commercially unreasonable result (*see Greenwich Capital Fin. Prods., Inc. v Negrin*, 74 AD3d 413 [2010]; *Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170 [2003]), the guaranty provides that defendant will be personally liable for the amount of a deposit that plaintiff "pre-fund[ed]" to the contractor only to the extent plaintiff either is not credited with the full amount of the deposit or does not otherwise receive the full benefit of the deposit. Plaintiff's interpretation, that the guaranty entitles him to the full amount of the deposit if any portion of it is misallocated by the contractor, notwithstanding that portions used for authorized renovation expenses incurred by the contractor were properly credited to his account, would effect a forfeiture by defendant, a result disfavored in the law (*see Lyon v Hersey*, 103 NY 264, 270 [1886]).

Summary judgment in defendant's favor is precluded by factual issues whether the pre-fund deposit was fully or partially applied to renovation expenses expressly authorized by the guaranty agreement.

No appeal lies from the ex parte order denying defendant's motion for renewal, entered after the court declined to sign defendant's order to show cause seeking such relief (*see Naval v American Arbitration Assn.*, 83 AD3d 423 [2011]). In any event, defendant offered no new facts, as required, to support his motion for renewal (*see Eddine v Federated Dept. Stores, Inc.*, 72 AD3d 487, 487-488 [2010]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 29 Misc 3d 1235(A), 2010 NY Slip Op 52167(U).]**