■ ALEYANESH SEBHAT, Respondent, v MTA NEW YORK CITY TRANSIT, Also Known as NEW YORK CITY TRANSIT AUTHORITY, Appellant. [42 NYS3d 21]—

Judgment, Supreme Court, Bronx County (Fernando Tapia, J.), entered May 6, 2014, upon a jury verdict, awarding plaintiff

the total sum of $1,507,765, unanimously reversed, on the law, without costs, and the matter remanded for a new trial of liability.

On defendant's motion for summary judgment dismissing the complaint, the motion court correctly found that an issue of fact existed as to whether the movement of the train was extraordinary and violent.

A new trial of liability is required because of erroneous evidentiary rulings. The court erred in admitting into evidence portions of defendant's internal rules, which imposed a higher standard of care than required by common law (*Williams v New York City Tr. Auth.*, 108 AD3d 403, 404 [1st Dept 2013]; *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.*, 157 AD2d 352, 355-356 [1st Dept 1990], *as amended* 176 AD2d 463 [1st Dept 1991], *affd* 79 NY2d 1031 [1992]). Moreover, the prejudice to defendant was heightened by plaintiff's expert's reading of those internal rules to the jury.

The court also erred in allowing plaintiff's counsel to question defendant's train operator about his discussions with counsel.

We see no basis for disturbing the damages award, which should stand if the jury finds liability on retrial (*see Harrison v New York City Tr. Auth.*, 113 AD3d 472, 476 [1st Dept 2014]).

An award of zero damages for future pain and suffering would have been irrational since it was uncontroverted that the range of motion in plaintiff's left hip was limited and the condition permanent. We do not find the award of $300,000 for future pain and suffering excessive.

We have considered defendant's remaining contentions and find them unavailing, or moot in view of the remand for a new trial of liability. Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.