Wang v LaFrieda (2020 NY Slip Op 08025)





Wang v LaFrieda


2020 NY Slip Op 08025


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 652225/16 Appeal No. 12739N Case No. 2020-01859 

[*1]Gia Wang et al., Plaintiffs-Appellants,
v
Patrick B. LaFrieda et al., Defendants-Respondents.


Gia Wang, appellant pro se and for Gia Wang LLC, appellant.
Bronster LLP, New York (Don Abraham of counsel), for Patrick B. LaFrieda and Patrick L. LaFrieda, respondents.
Cuti Hecker Wang LLP, New York (John R. Cuti of counsel), for HADSW LLC, 601 Washington Street Holdings LLC and Charles Dunne, respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about October 4, 2019, which denied plaintiffs' motion to renew defendants' summary judgment motion pursuant to CPLR 2221(e), unanimously affirmed, with costs.
The IAS court providently exercised its discretion in denying plaintiffs' motion to renew (Sarmiento v Ampex Casting Corp., 171 AD3d 544 [1st Dept 2019]; CPLR 2221[e]). The new affidavit, submitted by plaintiff Gia Wang's former assistant Victoria Leetsi, was "merely cumulative of other information that had already been presented to the court," and thus insufficient to warrant renewal (Northern Assur. Co. of Am. v Holden, 179 AD2d569 [1st Dept 1992]).
Plaintiffs also failed to provide a "reasonable justification" for their failure to submit the Leetsi affidavit in a timely manner (CPLR 2221[e][3]). While plaintiffs made some vague assertions regarding their attempts to contact Leetsi earlier, they have not put forth any specific information regarding their efforts to locate her or to obtain the affidavit. Further, the Leetsi affidavit suggests that she was simply busy with a move, travel, and an injury, and otherwise did not want to get involved with the case (id.). Such a conclusory claim as to a witness' unavailability is not "a valid excuse for not submitting the additional facts upon the original application" (Venuti v Novelli, 179 AD2d 477, 479 [1st Dept 1992]). Nor have plaintiffs provided an adequate explanation for the year-long delay between when they obtained the Leetsi affidavit (in April of 2018) and when they filed the motion to renew (in April of 2019). Regardless, even giving the Leetsi affidavit full weight, the facts contained within it  which defendants largely contest  would not change the outcome of the case.
We have considered the plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020