Bronson v Jacobs (2021 NY Slip Op 04081)





Bronson v Jacobs


2021 NY Slip Op 04081


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 652897/20 Appeal No. 14115-14115A Case No. 2020-04977, 2020-04979 

[*1]Jonathan Bronson, Plaintiff-Respondent,
v
Steven B. Jacobs, Defendant-Appellant.


Murray & Di Bella, LLP, New York (Martin J. Murray of counsel), for appellant.
Kaufman & Kahn, LLP, New York (Mark S. Kaufman of counsel), for respondent.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered December 8, 2020, in favor of plaintiff against defendant, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 18, 2020, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's cross motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In opposition to plaintiff's prima facie showing by proof of the parties' agreement and defendant's failure to make the payments called for thereunder (see SCP [Bermuda] v Bermudatel Ltd., 224 AD2d 214, 216 [1st Dept 1996], appeal withdrawn 90 NY2d 1009 [1997]; CPLR 3213), defendant failed to raise an issue of fact as to his defense that the loan is unenforceable under General Obligation Law § 5-413 as a loan made for the purpose of gambling or as a loan with a usurious interest rate (see Banner Indus. v Key B.H. Assoc., 170 AD2d 246 [1st Dept 1991]). Defendant contends that he signed the note under duress, but he did not promptly repudiate it; indeed, the 41 payments he made under the note prior to default would appear to ratify it (see Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp., 14 AD3d 352, 353 [1st Dept 2005]).
Defendant contends that the plaintiff's motion is premature, citing a need for discovery of a locked flash drive on which plaintiff allegedly maintained a spreadsheet of usurious loans, but he failed to explain why he was unable to maintain his own tally of monies loaned, monies paid, and interest rates.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021