Bronson v Jacobs (2022 NY Slip Op 02617)

Bronson v Jacobs

2022 NY Slip Op 02617

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 652897/20 Appeal No. 15768 Case No. 2021-04179 

[*1]Jonathan Bronson, Plaintiff-Appellant,
v
Steven B. Jacobs, Defendant-Respondent.

Kaufman & Kahn, LLP, New York (Mark S. Kaufman of counsel), for appellant.
Steven B. Jacobs, New York, respondent pro se.

Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about October 28, 2021, which, to the extent appealed from, granted defendant's motion for leave to renew plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213) and, upon renewal, vacated the judgment entered December 8, 2020, unanimously reversed, on the law, with costs, the judgment reinstated and the matter remanded to Supreme Court to determine the amount of reasonable attorneys' fees and costs incurred by plaintiff to enforce the note.
Defendant failed to provide a "reasonable justification" for not submitting the affidavits by Luke Kim and Rebecca Hyde on the prior motion (CPLR 2221 [e] [3]). He claims that he made "repeated requests" of Kim and Hyde for affidavits, but sets forth no specific efforts that he made to procure them (see Orchard Hotel, LLC v D.A.B. Group, LLC, 114 AD3d 508, 510 [1st Dept 2014]; Taub v Art Students League of N.Y., 63 AD3d 630 [1st Dept 2009]). Further, that the witnesses were unwilling to get involved in the dispute or were traveling or too busy are not valid excuses for defendant's failure to submit affidavits by them on the prior motion (Wang v LaFrieda, 189 AD3d 732, 732 [1st Dept 2020], lv dismissed 37 NY3d 1042 [2021]). To explain their change of mind, the witness say that they felt compelled to submit affidavits to correct misrepresentations that plaintiff had purportedly made on a prior appeal. However, "renewal is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Rubinstein v Goldman, 225 AD2d 328, 328-329 [1st Dept 1996] [internal quotation marks omitted], lv denied 88 NY2d 815 [1996]).
Apart from defendant's failure to offer a reasonable justification for the untimely submissions, the affidavits would not change the prior determination (CPLR 2221[e][2]). On the prior motion, defendant submitted a similar affidavit by another witness, and this Court affirmed the motion court's finding that the affidavit was insufficient to raise an issue of fact (Bronson v Jacobs, 195 AD3d 550 [1st Dept 2021]). The new affidavits are merely cumulative (see Wang, 189 AD3d at 732; Northern Assur. Co. of Am. v Holden, 179 AD2d 569, 569 [1st Dept 1992]).
In view of the foregoing, we grant plaintiff's request for reasonable attorneys' fees
and costs, to which he is entitled under the promissory note (see LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154 [2d Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022