Boglin v New York City Hous. Auth. (2022 NY Slip Op 05782)

Boglin v New York City Hous. Auth.

2022 NY Slip Op 05782

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 305089/15 Appeal No. 16474 Case No. 2021-02514 

[*1]Monterae Boglin, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.

Michelstein & Ashman, PLLC, New York (Richard A. Ashman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about October 20, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew defendant New York City Housing Authority (NYCHA)'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action alleging that she was injured when she hit her head on a metal cage hanging down from a light fixture in the fifth-floor staircase of a residential building owned and operated by defendant NYCHA. Supreme Court granted NYCHA's motion for summary judgment dismissing the complaint for lack of actual or constructive notice of the condition, i.e., the hanging cage. Plaintiff moved pursuant to CPLR 2221(e) for leave to renew NYCHA's motion for summary judgment. Plaintiff argued, inter alia, that she should be granted leave to renew because her counsel discovered new evidence of a work order "buried" in NYCHA's partial opposition to her prior motion to strike NYCHA's answer. Supreme Court providently exercised its discretion in denying plaintiff's motion for leave to renew as plaintiff failed to offer a reasonable justification as to why the allegedly new facts could not have, with due diligence, been located earlier (see Bronson v Jacobs, 204 AD3d 531, 531 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022