Rosado v Cepeda (2023 NY Slip Op 04738)

Rosado v Cepeda

2023 NY Slip Op 04738

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 20710/19 Appeal No. 621 Case No. 2022-02162 

[*1]Frank Rosado, Plaintiff-Respondent,
v
Jean M. Velazquez Cepeda et al., Defendants-Appellants, Just 4 Wheels, Inc. et al., Defendants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Jung Hoon Yang of counsel), for appellants.
Pollack, Pollack, Isaac, & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about May 11, 2022, which denied defendants Just Four Wheels, Inc., Just Four Wheels Inc. d/b/a Just Four Wheels Car, Truck and Van Rental (collectively Just Four Wheels) and Jean M. Velazquez Cepeda's motion for leave to renew their prior motion for summary judgment dismissing the complaint as against them pursuant to the Graves Amendment (49 USC § 30106 [a]), unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion for leave to renew (see generally S.V.L. v PBM, LLC, 191 AD3d 564, 565 [1st Dept 2021]). Just Four Wheels and Cepeda failed to provide a reasonable justification for their failure to present the new evidence upon which they seek to rely on the prior motion for summary judgment, including why they could not locate Cepeda or obtain an affidavit from him or the general manager of defendant Just Four Wheels Inc. before that motion was filed (see CPLR 2221 [e] [3]), and instead proffered that evidence on the motion to renew (see Bronson v Jacobs, 204 AD3d 531, 531 [1st Dept 2022]; Ramirez v Global Home Improvements, Inc., 172 AD3d 547, 548 [1st Dept 2019]).
Even if this Court were to find that Just Four Wheels and Cepeda established a reasonable justification for failing to provide the documentation, and that they demonstrated Just Four Wheels was engaged in the business of renting or leasing vehicles, they failed to establish Just Four Wheels is entitled to summary judgment based on the Graves Amendment. There is an issue of fact as to whether the vehicle involved in the accident was the vehicle leased to Defendant Cepeda, and who his employer was, and whether the braking system for the subject box truck failed prior to impacting the rear of plaintiff's stopped vehicle (see 49 USC § 30106 [a] [2]; Collazo v MTA-New York City Tr., 74 AD3d 642, 643 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023