San-Dar Assoc. v Corporate Habitat NY, LLC (2024 NY Slip Op 02028)

San-Dar Assoc. v Corporate Habitat NY, LLC

2024 NY Slip Op 02028

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 156683/21 Appeal No. 2077 Case No. 2023-05848 

[*1]San-Dar Associates, Plaintiff-Appellant,
v
Corporate Habitat NY, LLC, Defendant-Respondent.

Kaufman Friedman Plotnicki & Grun, LLP, New York (Ari R. Grun of counsel), for appellant.
The Price Law Firm LLC, New York (Joshua C. Price of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about October 20, 2023, which granted defendant's motion to vacate an order, same court and Justice, entered on or about May 22, 2023, granting a default judgment in favor of plaintiff and against defendant, unanimously reversed, on the law, without costs, and the motion to vacate denied.
The default judgment should not have been vacated pursuant to CPLR 5015(a)(1) because defendant failed to establish a reasonable excuse for its default (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38 [1st Dept 2023]). The subject withdrawal order was properly served on the Secretary of State as defendant's agent (see LLC Law § 303[a]). The failure to keep a current address on file with the Secretary of State is not a reasonable excuse for a default (see Castillo v 2460 Tiebout Ave. Assoc., LLC, 209 AD3d 518, 519 [1st Dept 2022]; Majada Inc. v E&A RE Capital Corp., 205 AD3d 648, 648-649 [1st Dept 2022]). Defendant also concedes that the order was sent to its representative's correct email address. Moreover, the ensuing default order and judgment were mailed to defendant in June 2023 at its admitted address. Its failure to take any steps to vacate the default until over three months later, after its assets were restrained, is "not excusable" (Eretz Funding v Shalosh Assoc., 266 AD2d 184, 185 [2d Dept 1999]).
In view of the foregoing, we need not reach the parties' arguments with respect to the merits of the defense.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024