J.C. v 2078 Arthur, LLC (2025 NY Slip Op 06902)

J.C. v 2078 Arthur, LLC

2025 NY Slip Op 06902

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. ?810563/21|Appeal No. 5377|Case No. 2024-06783|

[*1]J.C., an Infant, by his Mother and Natural Guardian Arlene Lissette Sanabria, et al., Plaintiffs-Respondents,
v
2078 Arthur, LLC, Defendant-Appellant.

The Silber Law Firm, LLC, Brooklyn (Meyer Y. Silber of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about December 6, 2023, which denied defendant's motion pursuant to CPLR 5015 (a)(1) and 317 to vacate a default judgment against it, unanimously affirmed, without costs.
Relief from a judgment entered on default pursuant to CPLR 5015(a)(1) requires a party to "establish both a reasonable excuse for the default and a potentially meritorious defense to the action" (979 Second Ave. LLC v Yue Wah Chao, 227 AD3d 436, 436 [1st Dept 2024]). Defendant's excuse is based on its never having received notice of the action. It attempts to establish this excuse by submitting a statement from the manager of the building where plaintiff was injured asserting that the building had no management office or mailbox, and that he only became aware of the action from papers "found on the floor of the [building]'s lobby" that were postmarked over one year earlier. The manager further asserted that the building's insurer learned of the action, but that he does not know how, and that the insurer delivered the coverage denial letter to a post office box that does not belong to defendant. Defendant further attempted to establish its reasonable excuse by submitting a statement from the daughter of the attorney who was defendant's registered agent for service, and who plaintiff mailed the default order to, stating merely that her father passed away prior to the commencement of the action. Defendant claims not to have known of the death. These bare allegations, without more, support the court's finding that defendant failed to demonstrate a reasonable excuse (U.S. Bank N.A. v Wei Feng Zhu, 238 AD3d 628, 629 [1st Dept 2025]; State Farm Mut. Auto. Ins. Co. v Pedro Torres-Jimenez, M.D., P.C., 238 AD3d 551, 552 [1st Dept 2025]). Accordingly, it is unnecessary to consider whether defendant has a potentially meritorious defense under CPLR 5015(a)(1) (Perez v 1790-1792 Third Ave. LLC, 211 AD3d 492, 493 [1st Dept 2022]).
Nor was vacatur warranted under CPLR 317, which requires a defendant to "demonstrate that it did not personally receive notice of the summons in time to defend and has a meritorious defense." Even if defendant did not have actual notice of the action, it failed to establish a meritorious defense. The building manager's conclusory statements in his affidavit that the building had no record of plaintiffs residing there or of any ceiling collapse in the unit, and that any complaints would have been timely addressed, were insufficient to demonstrate a meritorious defense under either CPLR 317 or CPLR 5015(a)(1) (see Castillo v 2460 Tiebout Avenue Assoc., LLC, 209 AD3d 518,
519 [1st Dept 2022]; Peacock v Kalikow, 239 AD2d 188, 189-90 [1st Dept 1997]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025